UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK COUCH,                               )
                                          )
       Plaintiff,                         )
                                          )         CIVIL ACTION NO.
VS.                                       )
                                          )         3:06-CV-0610-G
GLENNON HOWARD, ET AL.,                   )
                                          )              **ECF**
       Defendants.                        )

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the plaintiff Mark Couch ("Couch") to remand this case to the state court from which it was previously removed. For the reasons stated below, the motion is granted.

I. BACKGROUND

Couch commenced this action for personal injury in the County Court at Law of Hunt County, Texas on March 7, 2006. Plaintiff's Motion to Remand at 1. Defendant CNH America LLC ("CNH") was served with process on March 10, 2006. *Id.* Co-defendant Wiese Planning & Engineering, Inc. ("Wiese") was served on March 20, 2006. *Id.* at 2. CNH filed a notice of removal on April 6, 2006 but Wiese

did not consent to the removal until April 18, 2006, more than thirty days after service on CNH.  Defendant's Notice of Consent to Removal (attached as Exhibit "A" to Plaintiff's Motion to Remand).  Couch argues that under the Fifth Circuit's interpretation of 28 U.S.C. § 1446(b), this delay caused CNH's removal to be procedurally defective so that the case should be remanded to state court.  Plaintiff's Motion to Remand at 1.  CNH responds, however, that at the time it obtained the state court file from the Hunt County Court at Law, there was no information identifying Wiese's counsel of record.  Defendant's Response to Plaintiff's Motion to Remand at 2.  As a result, CNH asserts, Wiese's consent to removal was not available within the thirty day period after CNH was served.  *Id.*

## II.  ANALYSIS

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction."  Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted). Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir.

1988). Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934). The burden of establishing federal jurisdiction is on the party seeking removal. *Frank*, 128 F. 3d at 921-22; *Willy*, 855 F.2d at 1164.

The issue in this case is whether CNH's removal is procedurally defective because Wiese did not consent to removal within thirty days of service on the first defendant (CNH). The removal statute, as interpreted by the Fifth Circuit Court of Appeals, requires all served defendants to join in the removal. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970); *see* 28 U.S.C. § 1446(a)-(b). If one defendant refuses to consent, the removal is procedurally defective and the case should be remanded upon timely challenge by the plaintiff. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992). Here, Wiese eventually consented, but it did so more than thirty days after service on CNH, the first defendant to be served.

Whether this renders the removal procedurally defective hinges on the proper interpretation of 28 U.S.C. § 1446(b). § 1446(b) provides that "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." The Fifth Circuit Court of Appeals has interpreted the term "the defendant" to mean that "all served defendants must join in the [notice of removal] no later than thirty days from the day on which the first defendant was served." *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988). This holding is consistent with the principle that the removal statute should be strictly construed in favor of remand and against removal. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). *Getty* thus allows CNH thirty days from the time it was served with process to obtain Wiese's consent to removal. Since CNH was served on March 10, 2006, and Wiese's consent to removal was not filed until April 18, 2006, *Getty's* holding means that CNH's removal is procedurally defective, and this case must be remanded to state court.

Arguing that *Getty's* rule is both illogical and inequitable, CNH urges the court to adopt instead the holding in *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 926-27 (4th Cir. 1992). *McKinney* held that consent to removal need only be filed within thirty days of service on each individual defendant, not within thirty days after the date the first defendant is served. *Id.* Thus, *McKinney* would give CNH thirty days from the time Wiese was served with process to obtain Wiese's consent to removal.

*Getty* rather than *McKinney*, however, is binding on this court. In addition, the inequity present in *McKinney* is not present here. The defendant in *McKinney* had only six days to reach an out of town co-defendant and obtain his written consent to removal. *Id.* at 925. CNH had twenty days to locate and contact Wiese's counsel to obtain written consent to removal but failed to do so.

III.  CONCLUSION

For the reasons discussed above, the plaintiff's motion for remand is **GRANTED** and this case is **REMANDED** to the **County Court at Law of Hunt County, Texas**. The clerk shall mail a certified copy of this memorandum opinion and order to the county clerk of Hunt County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED**.

June 8, 2006.

_____
A. JOE FISH
CHIEF JUDGE